Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LAURA ESTHER RIVERA VÁZQUEZ<br><br>Recurrida<br><br>Vs.<br><br>JAIME RAMOS COUVERTIER<br><br>Peticionario | KLCE202500428<br><br>CONSOLIDADO CON<br><br>KLCE202500429 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Sobre:<br>División de Comunidad de Bienes<br><br>Caso Núm.:<br>D AC2014-2980 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Mateu Meléndez y el Juez Marrero Guerrero

Rodríguez Casillas, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de agosto de 2025.

El Sr. Jaime Ramos Couvertier ("señor Ramos Couvertier o peticionario") acudió ante este Tribunal Apelativo el 21 de abril de 2025, mediante el recurso ***KLCE202500428*** para que revisemos la *Resolución* emitida el 31 de agosto de 2022,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Allí, se declaró *No Ha Lugar* la solicitud de desestimación presentada por el peticionario. No obstante, el 15 de septiembre de 2022 el señor Ramos Couvertier solicitó la reconsideración de dicha resolución, pero el 20 de marzo de 2025 fue declarada *No Ha Lugar.*[2]

Ese mismo 21 de abril de 2025, el señor Ramos Couvertier presentó el recurso **KLCE202500429** para que revisemos la *Resolución* emitida el 27 de enero de 2025,[3] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En esta, se denegó la *Moción en Solicitud de Orden Bajo la Regla 13 de Procedimiento Civil y Bifurcación de las Controversias* presentada por el peticionario. No

---

[1] Notificada el 2 de septiembre de 2022.
[2] Notificada el mismo día.
[3] Notificada el 30 de enero de 2025.

Número Identificador
RES2025_____

obstante, 14 de febrero de 2025 presentó una moción de reconsideración, pero el 20 de marzo de 2025 fue declarada *No Ha Lugar*.[4]

Evaluados ambos recursos, el 7 de mayo de 2025 este Foro Apelativo emitió una *Resolución* consolidando los casos *KLCE202500428* y *KLCE202500429*.

Atendidas las peticiones de *certiorari*, así como los escritos en oposición, **denegamos** la expedición de ambos recursos.

**-I-**

En primer orden, examinemos el tracto procesal que originan los recursos de *certiorari* ante nuestra consideración.[5]

El **3 de noviembre de 2014**, la Sra. Laura Esther Rivera Vázquez ("señora Rivera Vázquez o recurrida") instó una *Demanda* sobre división de comunidad de bienes.[6] Alegó que las partes habían actuado como *marido y mujer conviviendo bajo el mismo techo* por alrededor de 20 años, por lo que solicitó, entre otras cosas, que la división de comunidad de bienes se tratara como si hubieses existido una sociedad legal de gananciales.

Emplazado el señor Ramos Couvertier,[7] contestó la demanda y el **2 de enero de 2015** sometió una reconvención.[8] En esencia, el negó las alegaciones y rechazó que las partes hubieran convivido como marido y mujer; no obstante, adujo que convivieron bajo un mismo techo desde el año 1994 hasta el 4 de noviembre de 2014 cuando la señora Rivera Vázquez abandonó la propiedad.

Referente a la reconvención, solicitó que la señora Rivera Vázquez le pagara la suma total de $244,800.00; ello, por la suma

---

[4] Notificada el mismo día.
[5] Al evaluar ambos recursos notamos que los apéndices sometidos son idénticos, por lo que haremos referencia al apéndice del recurso *KLCE202500428*.
[6] Apéndice del recurso *KLCE202500428*, a las págs. 1 – 6.
[7] *Íd.*, a las págs. 7 – 8.
[8] *Íd.*, a las págs. 9 – 19.

de una deuda de $94,800.00 habida entra las partes y la perdida de $150,000.00 como resultado de la negligencia de la recurrida.

El **30 de enero de 2015**, la señora Rivera Vázquez presentó una *Réplica a la Reconvención*.[9] Entre otras cosas, adujo que la relación sentimental y consensual comenzó en el año 1993.

Mediante *Orden* emitida el **26 de enero de 2018**,[10] el TPI ordenó a las partes a realizar un inventario de los bienes,[11] incluyendo:

1. *Propiedades inmuebles con su descripción registral, indicar dirección física de la misma y número de catastro en el Centro de Recaudación de Impuestos Municipales (CRIM) y someta tasación de las propiedades.*
2. *Certificación del CRIM de las propiedades inmuebles, para conocer si se adeuda por impuesto a la propiedad.*
3. *Tarjetas de Crédito — número de cuenta y entidad que la expidió; balance al momento de radicada la demanda de divorcio.*
4. *Préstamo hipotecario — número de préstamo, entidad financiera que lo otorgó, balance al momento de radicarse la demanda de divorcio.*
5. *Vehículos de motor, descripción del mismo, marca, modelo, color, año. Deberá incluirse si es de dos o cuatro puertas. Proveer copia de la licencia de los mismos. Valor en el black book.*
6. *Lista de los bienes muebles, cuándo se compraron y cuánto costaron en ese entonces. Deberá aplicarse el 20% de depreciación que utiliza el Departamento de Hacienda. Llegar a un valor al momento de radicada la demanda de divorcio, para luego diferenciar su valor al momento de la liquidación.*
7. *Cuentas de ahorro, proveer número de cuentas, balance al momento de la radicación de la demanda de divorcio, indicar institución financiera donde se abrió.*
8. *Cuentas de cheques, número de las cuentas, balance al momento de la radicación de la demanda de divorcio, indicar institución financiera donde se abrió.*
9. *Cuentas IRA - número de cliente o número individual de cada cuenta. Desde cuando se aperturaron y balance al momento de la radicación de la demanda de divorcio.*
10. *Planes de pensión - aportaciones al Sistema de Retiro. Desde cuándo se empezó a aportar, balance al momento de radicarse la demanda de divorcio.*
11. *Lista de las deudas identificando al acreedor, número de cuenta o factura al momento de radicarse la demanda de divorcio.*

---

[9] *Íd.*, a las págs. 20 – 25
[10] Notificada el 5 de febrero de 2018.
[11] Apéndice del recurso *KLCE202500428*, a las págs. 27 – 30.

12. *Si hay deuda por concepto de pensión alimentaria. De ser así, cuánto asciende.*
13. *Certificación de Hacienda de no deuda contributiva.*
14. *Cualquiera otra cuenta de inversiones tiene que identificarse, casa de corretaje, número de cliente o de cuenta, cuánto tiene de balance.*[12]

En cumplimiento de orden, el **15 de marzo de 2018** el señor Ramos Couvertier presentó el *Informe del Demandado Sobre Inventario de Bienes en Cumplimiento de Orden.*[13] En **igual fecha**, la señora Rivera Vázquez sometió *Moción Presentando Inventarios.*[14]

Tras varios trámites procesales, el **15 de junio de 2022** el señor Ramos Couvertier presentó una *Solicitud de Desestimación.*[15] Señaló que la reclamación no justifica la concesión de un remedio, dado que no existió una sociedad de bienes gananciales entre las partes. De igual modo, el **22 de julio de 2022** el peticionario presentó una moción para que el TPI resolviera la solicitud de desestimación sin oposición.[16] Posteriormente, reiteró dicha solicitud a través de dos (2) mociones presentadas el **10 de agosto de 2022 y 26 de agosto de 2022**.[17]

Mediante *Resolución* emitida el **31 de agosto de 2022**,[18] el TPI declaró *No Ha Lugar* la moción de desestimación.[19] En lo pertinente, concluyó que:

> *[S]i bien las partes no contrajeron matrimonio, durante los 20 años de convivencia actuaron como marido y mujer, tal es así que cohabitaron públicamente y de manera voluntaria en la residencia propiedad del demandado. Además, durante la convivencia de las partes era de esperar que se socorrieran, protegieran y satisficieran sus necesidades mutuamente, en conformidad con sus respectivas condiciones y medios de fortuna. En el caso de la demandante no se debe de considerar únicamente su sueldo para determinar su participación en la comunidad de bienes, sino que también el trabajo, esfuerzo, dedicación y la relación humana que ésta aportó a dicha comunidad.*
> *Al ponderar los hechos concretos del caso, el tribunal concluye que a pesar de que la aportación económica que realizó la señora Rivera pudiese ser menor, en comparación a la realizada por el señor Ramos, la relación humana y*

---

[12] *Íd.*, a las págs. 29 – 30.
[13] *Íd.*, a las págs. 31 – 37.
[14] *Íd.*, a las págs. 38 - 41.
[15] *Íd.*, a las págs. 75 – 83.
[16] *Íd.*, a la pág. 88.
[17] *Íd.*, a las págs. 89 – 90, 95 – 96.
[18] Notificada el 2 de septiembre de 2022.
[19] Apéndice del recurso *KLCE202500428*, a las págs. 97 – 101.

*convivencia entre las partes complementaba la realidad económica y era suficiente para que pudiese surgir un pacto implícito que conllevase la creación de una comunidad de bienes, fruto del concubinato. [...].*[20]

El **15 de septiembre de 2022** el señor Ramos Couvertier presentó una solicitud de reconsideración.[21] Entre sus alegaciones, adujo que, el TPI al hacer su análisis parte de la existencia de una comunidad que en derecho no existe, ya que la alegación de concubinato no presume una comunidad de bienes. Adujo que la recurrida, de forma tácita o explicita, no expresa la creación de una comunidad de bienes sino de una sociedad. Por lo cual, solicitó la reconsideración del dictamen y la desestimación de la demanda, o en su defecto, que se ordenara la enmienda de la demanda.

El **17 de noviembre de 2022**, el TPI dio por sometida la solicitud de reconsideración.[22]

Luego de varias incidencias procesales, el **27 de noviembre de 2024** el señor Ramos Couvertier sometió una *Moción en Solicitud de Orden Bajo la Regla 13 de Procedimiento Civil y Bifurcación de las Controversias*.[23] En resumen, alegó que las partes están litigando casos distintos, por lo que solicitó que se ordenara a la señora Rivera Vázquez a enmendar la demanda y se bifurcaran las controversias sobre la existencia de la comunidad de bienes.

Fechada el **1 de diciembre de 2024**, la señora Rivera Vázquez presentó: *OPOSICIÓN CONTUNDENTE A MOCIONES RADICADAS POR LA PARTE DEMANDADA Y SOLICITUD DE SANCIONES*.[24]

Luego de una réplica por parte del señor Ramos Couvertier y una dúplica de la señora Rivera Vázquez,[25] el **27 de enero de 2025** el TPI emitió una *Resolución*,[26] en la cual denegó la *Moción en Solicitud de Orden Bajo la Regla 13 de Procedimiento Civil y*

---

[20] *Íd.*, a las págs. 100 – 101.
[21] *Íd.*, a las págs. 102 – 109.
[22] *Íd.*, a la pág. 113.
[23] *Íd.*, a las págs. 146-155.
[24] *Íd.*, a las págs. 193-201.
[25] *Íd.*, a las págs. 214-227, 228 – 232, respectivamente.
[26] Notificada el 30 de enero de 2025.

*Bifurcación de las Controversias.*[27] Razonó que: *"[E]sta controversia ya fue atendida por este tribunal mediante Resolución del 31 de agosto de 2022. En esa ocasión se resolvió que entre las partes existió una comunidad de bienes producto del concubinato".*[28]

El **14 de febrero de 2025** el señor Ramos Couvertier presentó: *MOCIÓN EN SOLICITUD DE RECONSIDERACIÓN BAJO LA REGLA 47 DE PROCEDIMIENTO CIVIL.*[29] El **21 de febrero de 2025**,[30] la señora Rivera Vázquez sometió su escrito en oposición. A lo que el **13 de marzo de 2025**, el peticionario replicó.[31]

Mediante *Resolución* emitida y notificada el **20 de marzo de 2025**, el TPI atendió tanto la reconsideración presentada el 15 de septiembre de 2022 como la reconsideración sometida el 14 de febrero de 2025.[32]  En lo pertinente, expresó:

> *Evaluado el expediente este tribunal se percata de que tiene pendiente ante su consideración una **MOCIÓN SOLICITANDO RECONSIDERCIÓN**, presentada el 15 de septiembre de 2022 por la parte demandada, sin que se haya expresado la parte demandante en contrario, evaluado lo anterior este tribunal declara **no ha lugar la solicitud de reconsideración**.*
>
> *La determinación anterior está íntimamente ligada a la **MOCIÓN EN SOLICITUD DE RECONSIDERACIÓN BAJO LA REGLA 47 DE PROCEDIMIENTO CIVIL**, presentada el 14 de febrero de 2025 por la parte demandada, así como **MOCIÓN EN OPOSICIÓN A SOLICITUD DE RECONSIDERACIÓN**, presentada el 21 de febrero de 2025 por la parte demandante y **RÉPLICA A OPOSICIÓN A SOLICITUD DE RECONSIDERACIÓN**, presentada el 13 de marzo de 2025 por la parte demandada, evaluadas las posiciones de las partes **declaramos no ha lugar la reconsideración** de la parte demandada <u>pero aclaramos que dejamos sin efecto nuestro pronunciamiento de la Resolución del 27 de enero de 2020, en cuanto a que este tribunal resolvió que entre las partes existió una comunidad de bienes producto del concubinato.</u> Lo anterior será materia de prueba en una vista evidenciaria que se calendarizará en el próximo señalamiento.[33]*

Inconforme, el **21 de abril de 2025** el señor Ramos Couvertier recurrió ante nos mediante los recursos **KLCE202500428** y

---

[27] Apéndice del recurso *KLCE202500428*, a las págs. 233-234.
[28] *Íd.*, a la pág. 234
[29] *Íd.*, a las págs. 237- 248.
[30] *Íd.*, a las págs. 249-251.
[31] *Íd.*, a las págs. 252-253.
[32] *Íd.*, a las págs. 256-257.
[33] *Íd.*, a la pág. 257. *Énfasis en original.*

**KLCE202500429**. En el primer recurso *KLCE202500428* señala la comisión de tres (3) errores:

>   **A. *Primer Señalamiento de Error:***
>   *Erró el TPI al declarar No Ha Lugar la moción de desestimación sin oposición, no habiéndose alegado comunidad de bienes, sino, liquidación de una Sociedad Legal de Gananciales inexistente por falta de matrimonio entre las partes.*
>
>   **B. *Segundo Señalamiento de Error:***
>   *Erró el TPI al incluir hechos no alegados en la Demanda argumentando en favor de una de las partes para propósitos de atender la moción de desestimación como sentencia sumaria al margen de la Regla 10.2.*
>
>   **C. *Tercer Señalamiento de Error:***
>   *Erró el TPI al emitir resolución el 20 de marzo de 2025 declarando No Ha Lugar la reconsideración presentada sin oposición el 15 de septiembre de 2022.*

En el recurso *KLCE202500429* plantea la comisión de dos (2) errores:

>   **A. *Primer Señalamiento de Error:***
>   *Erró el TPI al declarar no ha lugar la moción para la Recurrida cumplir con la Regla 13 de Procedimiento Civil sin fundamento para ello.*
>
>   **B. *Segundo Señalamiento de Error:***
>   *Erró el TPI al ordenar vista evidenciaria para determinar si hubo comunidad de bienes entre las partes sin dicha comunidad de bienes haber sido alegada.*

Así, este Foro Apelativo emitió la *Resolución* el **7 de mayo de 2025** consolidando ambos recursos para su resolución simultánea.

Tras varios incidentes procesales, el **20 de junio de 2025** la señora Rivera Vázquez presentó dos (2) mociones intituladas: *MOCIÓN EN CUMPLIMIENTO DE ORDEN EXPRESANDO NUESTRA OPOSICIÓN A QUE SE EXPIDA EL CERTIORARI AL AMPARO DE LA REGLA 10.2* y *MOCIÓN EN CUMPLIMIENTO DE ORDEN EXPRESANDO NUESTRA OPOSICIÓN A QUE SE EXPIDA EL CERTIORARI AL AMPARO DE LA REGLA 13.*

En consecuencia, el **24 de junio de 2025** dimos por perfeccionados ambos recursos para la consideración del Panel Especial.

**-II-**

A tono con el tracto procesal antes reseñado, procedemos a esbozar el derecho aplicable.

**-A-**

El auto de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[34] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[35]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.* **Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**. [...].[36]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

---

[34] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[35] *García v. Asociación,* 165 DPR 311, 321 (2005).
[36] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*

*(F)  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[37]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[38]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[39]

**-B-**

La Regla 10.2 de Procedimiento Civil, establece las defensas mediante las cuales una parte demandada puede solicitar la desestimación de la causa de acción que se insta en su contra.[40] Esta regla dispone, en lo pertinente, que:

*Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:*

*(1) falta de jurisdicción sobre la materia;*
*(2) falta de jurisdicción sobre la persona;*
*(3) insuficiencia del emplazamiento;*
*(4) insuficiencia del diligenciamiento del emplazamiento;*
***(5) dejar de exponer una reclamación que justifique la concesión de un remedio;***
*(6) dejar de acumular una parte indispensable.*
*[…].*[41]

Una moción de desestimación bajo la referida Regla 10.2 es aquella que presenta el demandado antes de contestar la demanda solicitando que se desestime la misma presentada en su contra.

---

[37] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).
[38] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[39] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).
[40] Regla 10.2 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 10.2.
[41] *Íd. Énfasis nuestro.*

El Tribunal Supremo de Puerto Rico ha expresado que para propósitos de considerar una moción de desestimación radicada por un demandado se tienen que dar por ciertos todos aquellos hechos que hayan sido bien alegados en la demanda.[42]

Ahora bien, aunque una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, corresponde entender como ciertos los hechos bien alegados en la demanda e interpretarlos de forma favorable para el demandante, lo cierto es que cuando se demuestra que éste no tiene derecho a remedio alguno, procede conceder la desestimación solicitada.[43]

A la luz de ello, una demanda no debe de desestimarse por no alegar adecuadamente una causa de acción si la misma puede ser enmendada para así evitar la desestimación.[44]

En ese sentido, el Tribunal Supremo de Puerto Rico ha reiterado que no procede una desestimación bajo la defensa número cinco (5) de la Regla 10.2 de Procedimiento Civil, *supra*, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación.[45]

**-III-**

Mediante el recurso *KLCE202500428* el señor Ramos Couvertier nos plantea que el TPI erró al declarar no ha lugar la solicitud de desestimación, dado que la señora Rivera Vázquez había alegado la existencia de una sociedad legal de gananciales y no una comunidad de bienes, por lo que el foro *a quo* se equivocó al incluir hechos que no estaban en la demanda. Además, adujo que el foro

---

[42] *El Día v. Municipio de Guaynabo*, 187 DPR 811, 821 (2013); *García v. ELA*, 163 DPR 800, 814 (2005).
[43] *Perfect Cleaning Service, Inc. v. Centro Cardiovascular*, 172 DPR 139 (2007).
[44] *Clemente v. Departamento de la Vivienda*, 114 DPR 763 (1983).
[45] *El Día v. Municipio de Guaynabo, supra.*; *Consejo de Titulares v. Gómez Estremera et als.*, 184 DPR 407, 423 (2012); *Rivera v. Jaume*, 157 DPR 562, 583 – 584 (2002).

recurrido incidió al declarar no ha lugar la solicitud de reconsideración presentada el 15 de septiembre de 2022.

En cuanto al recurso *KLCE202500429,* el peticionario nos señala que el TPI erró al no ordenar a la recurrida a cumplir con la Regla 13 de Procedimiento Civil; así, arguye que se equivocó al ordenar una vista evidenciaria para determinar si hubo una comunidad de bienes entre las partes.

Primeramente, nótese que TPI concluyó que debía celebrar una vista evidenciara para determinar si hubo o no una comunidad de bienes entre las partes. Esta determinación cae dentro del claro ejercicio de discreción conferido a los tribunales de instancia y su facultad de manejar los casos de la manera que entiendan más adecuada. En consecuencia, el foro *a quo* denegó ambas solicitudes de reconsideración el 20 de marzo de 2025, dado que un asunto principal del caso —*determinar si hay o hubo una comunidad de bienes*— debe ser atendido en una vista evidenciaria.

Aunque las *Resoluciones* recurridas proviene de una solicitud dispositiva, no intervendremos con estas por ser razonables, y esperar a una apelación no constituiría un fracaso de la justicia conforme se contempla en la citada Regla 52.1 de Procedimiento Civil.

De igual modo, el peticionario no presentó prueba en ambos recursos tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto.

Por lo tanto, en el ejercicio de la discreción que nos permite la Regla 40 de nuestro Reglamento, *supra,* no intervendremos con las resoluciones recurridas.

En consecuencia, no se expide el auto de *certiorari* solicitado por el peticionario en los recursos KLCE202500428 y KLCE202500429.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la expedición de los recursos KLCE202500428 y KLCE202500429.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones